Cite as 2025 Ark. 223

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE JUDICIAL DISCIPLINE AND DISABILITY COMMISSION CASES | **Opinion Delivered:** December 11, 2025 |

## PER CURIAM

The Arkansas Judicial Discipline and Disability Commission (the Commission or JDDC) is tasked with initiating, receiving, and investigating "complaints concerning misconduct of all justices and judges, and requests and suggestions for leave or involuntary disability retirement." Ark. Const. amend. 66(b). When the Commission receives a complaint of misconduct, the Commission *shall* investigate the complaint. *Id*. If the complaint is substantiated, the Commission may, after notice and a hearing, reprimand, censure, or recommend removal or suspension of the judge or justice. Ark. Const. amend. 66(c).

As the JDDC Rules of Procedure provide, this court "may bring up for review any action taken upon any complaint filed with the Commission, and may also bring up for review a case in which the Commission has failed to act." Ark. Jud. Discipline & Disability Comm'n R. 12(H). Additionally, "[t]he Commission shall have prepared an annual report

of its activities for presentation to the Supreme Court and the public at the end of each calendar year." Ark. Jud. Discipline & Disability Comm'n R. 2(B).[1]

We now exercise our authority under Amendment 80 and the JDDC Rules of Procedure to call up for a status review all cases for which the Commission has received a complaint, whether initiated or referred, since January 1, 2023. We order the Executive Director of the Commission to provide us with the following:

1. There should be a comprehensive list of every complaint[2] made to the Commission during the time described. The list shall be in chronological order, including the date initiated or received, the name of the judge or justice who is the subject of the complaint, and a brief description of the alleged violation. The list shall not include the name of the complaining party in order to protect his or her privacy. Any complaints about a current justice who has yet to be notified of the matter shall be omitted from the initial report.

2. There shall be a notation on each complaint on the list as to whether the matter has been closed or is still pending as of the date of this order. The list shall be divided into four categories: (1) cases that were opened and then summarily dismissed by the Executive Director; (2) pending complaints, including a notation as to whether they are being reviewed by the Executive Director and staff or if an investigative panel or a hearing panel has received the matter for review as of the date of this order (these should include the date sent to the investigative panel or hearing panel); (3) cases that have been resolved or closed after a review by either an investigative panel or a hearing panel (with a copy of the Rule 7 letter, and a brief description of the final resolution, and the date the case was closed) and (4) any other complaints that do not fall within one of first three categories.

3. There shall be a notation flagging any complaint in any of the above categories, which was dismissed under JDDC R. 15 because it was not resolved otherwise within eighteen months (or longer if one of the stated excluded periods applies).

---

[1] In addition to the other material that the court has ordered in this opinion, the Executive Director shall also file a Rule 2 report.

[2] This list of complaints shall be fulsome and include all complaints initiated by the public, members of the bar, members of the judiciary, the Executive Director, other Commission staff, Commissioners, or alternates. It likewise should include all referred, filed, or submitted complaints (including those under Rule 13).

For these complaints, the Commission should attach a brief explanation of why the matter could not be resolved in the time allowed.

The Executive Director, under the guidance of the Commission, shall submit this report to this court no later than forty-five days after the date of this order. This report shall be submitted under seal to the Clerk of the Arkansas Supreme Court who shall then make it accessible to the chambers of each of the seven justices. The report shall be confidential, and thus Arkansas Code Annotated section 25-19-105(b)(8) applies. The Commission shall not share the report with anyone else. The Commission and its staff are ordered to maintain copies of all complaints and all communications and evidence related to the complaints described above.

It is so ordered.